IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOLINDA K. HEYM ROWAN and WILLIAM CHARLES ROWAN,<br><br>                 Plaintiffs,<br><br>v.<br><br>FIRST FRANKLIN FINANCIAL CORPORATION, BANK OF AMERICA, N.A., SELECT PORTFOLIO SERVICING, INC., HORIZON TITLE INSURANCE AGENCY, WELLS FARGO BANK, N.A., MATHESON & HOWELL P.C., and JOHN DOES 1-99,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>Case No. 2:14-CV-299 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Motions to Dismiss filed by Defendants First Franklin Financial Corporation ("First Franklin"), Bank of America N.A. ("Bank of America"), Select Portfolio Servicing, Inc. ("SPS"), and Wells Fargo Bank N.A., as Trustee on behalf of the registered certificate holders of First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2004-FF4 ("Wells Fargo"), and joined in by Defendant Matheson & Howell P.C. (collectively, "Defendants").[1] Plaintiffs have failed to respond to Defendants' Motions. For the reasons discussed below, the Court will grant Defendants' Motions.

---

[1] *See* Docket Nos. 10, 12, 14.

1

## I. BACKGROUND

On February 11, 2004, Plaintiff Jolinda K. Heym Rowan obtained a loan from First Franklin in the amount of $168,000.00, which was secured by a Deed of Trust against certain property in Provo, Utah. [2] The Deed of Trust identifies First Franklin as the lender and beneficiary, and Horizon Title as the trustee.

On February 26, 2004, First Franklin assigned the Deed of Trust to Wells Fargo Bank, N.A., Trustee for the certificate holders of First Franklin Mortgage Loan Trust 2004-FF6, Mortgage Pass-Through Certificates, Series 2004-FF6. On March 19, 2007, the Deed of Trust was assigned to Wells Fargo Bank, N.A., Trustee for the certificate holders of First Franklin Mortgage Loan Trust 2004-FF4, Mortgage Pass-Through Certificates, Series 2004-FF4.

On December 16, 2011, Armand J. Howell, of Matheson and Howell, PC, filed a Notice of Default and Election to Sell. On January 3, 2012, Wells Fargo recorded a Substitution of Trustee, appointing Howell as trustee and ratifying the actions taken by Howell prior to the recording of the document.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[3] Plaintiffs must provide "enough facts to state a claim to relief that is

---

[2] The Note and Deed of Trust both refer to Plaintiff as Jolinda K. Heym. *See* Docket No. 10 Exs. 1, 2. Plaintiff William Charles Rowan is not a signatory to either document.

[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

### III. DISCUSSION

Plaintiffs' Complaint is difficult to decipher. However, Plaintiffs appear to assert the following: (1) claims related to the origination of the loan; (2) claims related to Defendants' authority to foreclose; and (3) claims asserting fraud related to the modification of Plaintiffs' loan.

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[8] *Iqbal*, 556 U.S. at 679 (internal quotation marks and citations omitted).

A. LOAN ORIGINATION

Plaintiffs assert several claims relating to the origination of the loan. Plaintiffs state that they are bringing claims under the Fair Debt Collection Practices Act, but instead cite to and discusses provisions of the Truth in Lending Act ("TILA"). It appears that Plaintiffs seek to assert claims under TILA, specifically that Defendants failed to provide Plaintiffs with certain documents and that the settlement statement suffered from certain deficiencies. The Court will construe these as TILA claims.

An action for damages under TILA "may be brought . . . within one year from the date of the occurrence of the violation."[9] For rescission claims, TILA contains a three-year statute of limitations.[10] Violation of TILA "occurs at a specific time from which the statute will then run."[11] The alleged violations of TILA all occurred in 2004, when the loan originated. Plaintiffs did not bring this action until 2014. Thus, Plaintiffs' TILA claims are barred by the applicable statute of limitations.

In addition to their TILA claims, Plaintiffs assert a number of confusing claims related to the loan origination process. Plaintiffs appear to allege that the loan never funded and that no bank funds were used for the loan. Plaintiffs further allege that the loan funds were converted by the loan originator. These allegations, and ones similar to them, are the type of conclusory allegations the Court need not accept. Even considering these conclusory allegations, the Court finds that they do not support a plausible claim for relief. Thus, without more, these claims fail and must be dismissed.

---

[9] 15 U.S.C. § 1640(e).

[10] *Id.* § 1635(f).

[11] *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 309 (10th Cir. 1974).

Plaintiffs further assert that Defendants did not comply with Article 9 of the Uniform Commercial Code. However, trust deeds are not regulated by the UCC, but are instead governed by Utah statute.[12] Therefore, this claim too must be dismissed.

B.   AUTHORITY TO FORECLOSE

Plaintiffs next challenge Defendants' authority to foreclose. In particular, Plaintiffs appear to assert that Defendants lack standing to foreclose because the promissory note was securitized. This argument has been repeatedly rejected by this Court, as well as the Utah Court of Appeals and the Tenth Circuit Court of Appeals.[13] Plaintiffs have provided nothing to distinguish this case from those decisions. Therefore, this claim must be dismissed.

Plaintiffs also appear to argue that Defendants must produce the note before foreclosing. As with Plaintiff's securitization claim, this "show-me-the-note" theory has been repeatedly rejected.[14] Therefore, this claim too will be dismissed.

Plaintiffs also challenge the Notice of Default and Election to Sell and the assignment of the Deed of Trust. Having reviewed these documents, the Court finds no irregularities. The only possible irregularity is that Matheson and Howell, PC, filed the Notice of Default and Election to Sell prior to being appointed as trustee. However, under Utah law, "[t]he beneficiary may, by express provision in the substitution of trustee, ratify and confirm action taken on the

---

[12] *Bevan v. Boyce*, No. 20051043-CA, 2006 WL 246565, at *1 (Utah Ct. App. Feb. 2, 2006) (unpublished).

[13] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194 (10th Cir. 2011); *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 263 P.3d 397 (Utah Ct. App. 2011).

[14] *See McGinnis v. GMAC Mortg. Corp.*, No 2:10-CV-301 TC, 2010 WL 3418204 at *2 (D. Utah Aug. 27, 2010) ("Utah law on non-judicial foreclosure contains no requirement that the beneficiary produce the actual note in order to authorize the trustee to foreclose on the property secured by the note.").

beneficiary's behalf by the new trustee prior to the recording of the substitution of trustee."[15] This occurred here when Wells Fargo recorded the Substitution of Trustee, appointing Howell as trustee.

Plaintiffs further challenge Defendants' authority to foreclose based on the "creation of questionable and forged documents" and alleged "robo-signing."[16] However, there are insufficient allegations to support these claims. As the Tenth Circuit has stated, "bald allegations of 'robo-signing' do not suffice under the Rule 8(a)(2) standard set by *Iqbal*."[17] Therefore, these claims fail.

C.  FRAUD

Plaintiffs assert fraud claims relating to attempts by Plaintiffs to modify their loan.

[I]n order to prevail on a claim of fraud, all the elements of fraud must be established by clear and convincing evidence. Those elements are: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose or inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[18]

In addition, Rule 9 requires that Plaintiffs "must state with particularity the circumstances constituting fraud."[19]

Plaintiffs' allegations fail to meet the pleading standard required for fraud claims. Plaintiffs simply allege that certain Defendants stated that they would modify Plaintiffs' loan, but

---

[15] Utah Code Ann. § 57-1-22(1)(c).

[16] Docket No. 1 ¶¶ 41, 45, 48.

[17] *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

[18] *Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

[19] Fed. R. Civ. P. 9(b).

later denied Plaintiffs' request for modification. Plaintiffs, however, fail to identify who made these statements, when the communications took place, or what exactly was said. In addition, Plaintiffs fail to plead many of the elements required to prevail on a fraud claim. Therefore, this claim must be dismissed.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 10 and 12) are GRANTED. The Clerk of the Court is directed to close this case forthwith.

DATED this 23rd day of June, 2014.

BY THE COURT:

Ted Stewart
United States District Judge